IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Criminal No. JFM-08-0442 |
| | * | Civil No. – JFM-13-437 |
| AARON TYLER SOMERVILLE | * | |
| | ****** | |

## MEMORANDUM

Aaron Tyler Somerville has filed this motion under 28 U.S.C. §2255. The issues raised by the motion have been fully briefed. The motion will be denied.

The reasons for the denial may be briefly stated.

1. Somerville first argues that his counsel was ineffective because counsel did not notice that Count One of the indictment (to which Somerville pled guilty) was duplicitous because it charged a conspiracy to distribute two different kinds of drugs; powder cocaine and cocaine base. The law of the Fourt Circuit is clear, however, that because conspiracy is the offense charged, the object of the conspiracy may be to distribute more than one type of drug. *See, e.g.*, *United States v. Marshall*, 332 F.3d 254, 262 (4th Cir. 2003). *See also Braverman v. United States*, 317 U.S. 49, 54 (1942).

2. Somerville's second contention is that his counsel was ineffective because he coerced Somerville into entering the guilty plea. The record belies that contention. In a plea colloquy Somerville stated (under the penalties of perjury) that he understood the provisions of the plea agreement (that the court reviewed with him in detail). He also acknowledged that he had signed the plea letter, affirming that he was entering the plea voluntarily. As stated by the Supreme Court in *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), these "[s]olemn declarations in

1

open court carry a strong presumption of verity." *See also United States v. Lemaster*, 403 F.3d 216, 223 (4th Cir. 2005), (defendant's sworn statements during his plea colloquy and sentencing conclusively establish that plea agreement and waiver were knowing and voluntary).

    3.   Somerville claims that his sentence should be reduced because of changes in the Sentencing Guidelines pertaining to crack cocaine. The record establishes, however, that Somerville received precisely the sentence for which he bargained in light of the fact that he entered into a "C" plea.

Date: May 31, 2013                                                              /s/
                                                                             J. Frederick Motz
                                                                             United States District Judge